UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JEAN,

                Plaintiff,

        -against-

US EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Defendant.

20-CV-9773 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who resides in Boston, Massachusetts, appears *pro se*. On November 20, 2020, this Court's Clerk's Office received Plaintiff's complaint, in which Plaintiff sues the Equal Employment Opportunity Commission (EEOC). Plaintiff claims that Defendant EEOC "mishandled" her employment discrimination case filed in Massachusetts; she also claims that her employer, the Town of Framingham, Massachusetts, "doxed" her by publicizing sensitive documents about her.

      Three days after filing her complaint in this Court, Plaintiff filed a letter-motion requesting that the "case files" in this action be placed under seal because: (1) the "EEOC case information [is] confidential and not subject to FOIA [Freedom of Information Act] requests," and (2) her "file includes many private information about myself and others." (ECF No. 3.)

      The Court construes Plaintiff's request as a motion to seal the complaint and denies her request.

## DISCUSSION

      Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute,

and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995). Finally, "the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

A litigant's concern that information contained in court documents will bring her adverse publicity or negatively impact her are insufficient reasons for a court to seal documents. *See, e.g.*,

*Bernsten v. O'Reilly*, No. 17-CV-9483 (DAB), 2018 WL 1615840, at *5-6 (S.D.N.Y. Apr. 3, 2018) (collecting cases); *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008).

The Court concludes that the circumstances here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records. Although Plaintiff does allege that sensitive information about her was publicized by her employer, she does not describe the nature of that information in her complaint. Moreover, the attachments to her complaint – which include a generic chart and three articles from the online news site, Vox – do not contain any information specific to Plaintiff. The only document that concerns Plaintiff personally is a decision from a Massachusetts state agency (the Executive Office of Labor and Workforce Development) regarding her separation from her employer. But Plaintiff has *redacted* the personal information in this document; moreover, the facts described are only of concern to Plaintiff and her reputation. While the Court is sympathetic to Plaintiff's desire to maintain her privacy, the public's right to access court documents prevails. The Court therefore denies Plaintiff's request to seal her complaint.[1]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

---

[1] If Plaintiff seeks to seal future documents not yet filed, she must submit a motion to seal any such document, stating the reasons why the Court should grant her request.

The Court denies Plaintiff's request to seal the complaint. (ECF No. 3.)

SO ORDERED.

Dated:   November 25, 2020
         New York, New York

                                                    _____
                                                       Louis L. Stanton
                                                          U.S.D.J.