UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JEAN,

                Plaintiff,

      -against-                                20-CV-9773 (LLS)

U.S. EQUAL EMPLOYMENT                 ORDER OF DISMISSAL
OPPORTUNITY COMMISSION,

                Defendant.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action against the U.S. Equal Employment Opportunity Commission (EEOC), alleging that the EEOC mishandled its investigation of an employment discrimination claim that Plaintiff has filed in Massachusetts. The Court grants Plaintiff's request to proceed *in forma pauperis* (IFP), but for the reasons set forth below, the Court dismisses the action.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Under the doctrine of sovereign immunity, the EEOC is immune from suit. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Where a Plaintiff brings an employment discrimination action against her employer, "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge." *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997). Indeed, [c]ourts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *McKoy v. Potter*, No. 08-CV-9428, 2009 WL 1110692, at * 5 (S.D.N.Y. Apr. 21, 2009) (collecting cases).

Plaintiff brings this action against the EEOC based on its investigation of a complaint she filed in Massachustts against her employer. But Plaintiff cannot sue the EEOC. The Court therefore dismisses the action because Plaintiff seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's request to file documents under seal (ECF No. 7) is denied as moot.

SO ORDERED.

Dated:   December 3, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.