UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE JEAN,

            Plaintiff,

    -against-

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

            Defendant.

20-CV-9773 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. On December 3, 2020, the Court dismissed the complaint brought against the U.S. Equal Employment Opportunity Commission (EEOC) because it is immune from this suit. Plaintiff then filed four letters seeking reconsideration. (ECF 10-13.)

    The Court liberally construes the submissions as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

    After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

    The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must

demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff, who lives in Boston, Massachusetts, filed an action against the EEOC, claiming that an EEOC office in Massachusetts "bungled her case." (ECF 2, at 5.) In her complaint, she asserted that she recently had "learned of judicial reviews" under the Administrative Procedure Act and sought an "emergency" review. (*Id.*) The Court dismissed the action because the EEOC is immune from suit, noting that "[c]ourts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *McKoy v. Potter*, No. 08-CV-9428, 2009 WL 1110692, at *5 (S.D.N.Y. Apr. 21, 2009) (collecting cases).

In Plaintiff's four letters, she argues that she may bring suit under the APA and cites to 5 U.S.C. § 702, which states in relevant part that an "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." *Id.* Because Plaintiff had an adequate remedy in court, that is, filing a civil

action in the United States District Court for the District of Massachusetts after the EEOC issued its final decision, *see* 42 U.S.C. § 2000e-5(f), Plaintiff may not seek judicial review under the APA. *See, e.g.*, *Pudlin v. Off. for (Not of) C.R. of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 293 (S.D.N.Y. 2016) (dismissing APA claim because the plaintiff "ha[d] an adequate, alternate remedy: a disability discrimination suit directly against the [employer]"). Thus, the Court concludes that Plaintiff has failed to demonstrate that it overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motions under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her submissions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF 10-13) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under docket number 20-CV-9773 is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: May 7, 2021
New York, New York

                                              *Louis L. Stanton*
                                               Louis L. Stanton
                                                    U.S.D.J.